**Vendy TANTO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–72120.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

Gihan Thomas, Los Angeles, CA, for Petitioner.

Vendy Tanto, c/o Gihan Tomas, Los Angeles, CA, pro se.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Vendy Tanto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the IJ's denial of withholding of removal because Tanto failed to demonstrate that the harms he suffered on account of his Chinese ethnicity were committed by forces the government was unable or unwilling to control. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005). Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004) applies in the context of withholding of removal, Tanto has not demonstrated a clear probability of persecution. *See Hoxha*, 319 F.3d at 1185.

Substantial evidence also supports the IJ's denial of CAT because Tanto has not shown he was tortured in the past, or that it is more likely than not he will be tortured upon return to Indonesia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**